IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3187-F

| | | |
|---|---|---|
| DEREK STOVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ENNIS OATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On September 28, 2011, Derek Stovall ("Stovall" or "plaintiff"), an inmate in the custody of the State of North Carolina proceeding pro se, filed this action against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The matter is presently before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and for consideration of several motions filed by plaintiff, including two motions for preliminary injunctive relief [D.E. # 4 & 8], a motion for appointment of counsel [D.E. # 10] and a motion for leave to amend the complaint [D.E. # 11].

Section 1915 provides that courts shall review complaints in which the plaintiff seeks to proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice,

40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-52 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff's complaint alleges that defendants have violated his constitutional rights by interfering with his mail and retaliating against him for his filing of grievances while incarcerated at Pender Correctional Institution. Plaintiff's first motion for a preliminary injunction, filed on October 13, 2011, is in the form of a proposed order granting plaintiff a preliminary injunction "enjoining the defendants . . . from undo Search and Seizures, ensuing and continuing their obvious campaign of Fear, Intimidation and Harassment, and from removing any and all Evidentiary Material Evidence received through the US Postal System . . . ." Mot. [D.E. # 4] at 2. Plaintiff's second motion for preliminary injunction, filed on November 1, 2011, is in letter form, addressed to the Honorable William A. Webb, United States Magistrate Judge, and again requests injunctive relief against defendants to enjoin "wanton and continued acts of intimidation and harassment against [plaintiff] by prison officials [at Pender] . . . ." Mot. [D.E. # 8] at 1. Both motions for preliminary injunction are premised on alleged unwarranted searches and other "harassment" directed at plaintiff

2

and seek injunctive relief against defendants at Pender Correctional Institution. In plaintiff's motion for leave to amend his complaint, filed on April 4, 2012, plaintiff states that he has been "administratively transferred" to Piedmont Correctional Institution. Although plaintiff now seeks to add additional causes of action and defendants originating at Piedmont, he does not complain of any harassment or intimidation similar to that allegedly inflicted upon him at Pender. Thus, plaintiff's requests for injunctive relief have been mooted by his transfer to Piedmont and his motions for preliminary injunction are due to be denied.

Plaintiff has also filed a motion for appointment of counsel. There is no constitutional right to counsel in civil cases, and a court should exercise its discretion to appoint counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant. 739 F.2d at 163 (quotation omitted). The court finds that there are no exceptional circumstances warranting the appointment of counsel at this time. The issues raised by plaintiff are not unusually complex and plaintiff has demonstrated the ability to articulate the substance of his claims.

Finally, plaintiff has filed a motion to amend his complaint, also in letter form, in which he seeks to add an additional cause of action related to the handling of his mail at Piedmont. Plaintiff's request for leave to amend is well-taken, except to the extent that plaintiff has failed to provide the court with a proposed amended complaint. Plaintiff may not simply amend his complaint by articulating additional allegations in a separate document. Plaintiff must file a single complaint

3

which complies with the Federal Rules of Civil Procedure and includes all of his well-pleaded claims for relief against all defendants in order to properly amend his complaint. Any amended complaint filed by plaintiff will necessarily supersede any previous complaint or other document filed by him which purports to include the allegations constituting his claims for relief. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001). This requirement facilitates the court's discharge of its screening obligation pursuant to § 1915(e)(2)(B) and permits defendants to discern and respond to the allegations against them. The court will afford plaintiff a reasonable opportunity to conform his pleadings with this requirement. If plaintiff timely files an amended complaint, the court will rely only upon that document in conducting its mandated frivolity review under § 1915(e)(2)(B).

For all of the reasons given above, it is ORDERED as follows:

a. plaintiff's motions for preliminary injunctive relief [D.E. # 4 & 8] are DENIED as moot;

b. plaintiff's motion for appointment of counsel [D.E. # 10] is DENIED;

c. plaintiff's motion for leave to amend his complaint [D.E. # 11] is GRANTED; and

d. plaintiff's amended complaint shall be filed within twenty days from the date of this order.

SO ORDERED. This the 30 day of May, 2012.

_____
JAMES C. FOX
Senior United States District Judge